IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAKINA LASHA LOWERY,<br><br>      **Plaintiff,**<br><br>v.<br><br>DOVER STAFFING and DEKALB COUNTY,<br><br>      **Defendants.** | 1:15-cv-3268-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [48] ("R&R"). The R&R recommends the Court deny (i) Defendant Dover Staffing's ("Dover") Motion to Dismiss [26] and (ii) Defendant DeKalb County's ("DeKalb") Motion to Dismiss [35].

**I.   BACKGROUND**[1]

Plaintiff Nakina Lasha Lowery ("Plaintiff") alleges Defendants Dover and DeKalb (together, "Defendants") violated Title VII of the Civil Rights Act of

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

1964, 42 U.S.C. § 2000e, et seq., ("Title VII") when, in retaliation for complaining of sexual harassment, they refused to allow her to continue working in a comparable position to the one she previously occupied. (See generally, Am. Compl. [14]).

### A. Facts

Plaintiff alleges that, in 2013, Dover maintained a professional services agreement with DeKalb to provide temporary services to various departments within the county. (Am. Compl. ¶¶ 8-9). Plaintiff was assigned by Dover to work for DeKalb in its Water Billing Division as a customer service representative. (Am. Compl. ¶¶ 9-10). During that assignment, Plaintiff alleges she suffered sexual harassment based upon the conduct of a male supervisor, filed an internal complaint about the harassment, and participated in an investigation that resulted in the removal of the supervisor from Plaintiff's chain-of-command. (Am. Compl. ¶¶ 10-11).

At the end of December 2013, DeKalb renewed its contract with Dover. (Am. Compl. ¶ 13). While all of the other employees previously assigned by Dover to DeKalb County received renewed or continuing assignments with DeKalb, Defendants did not place Plaintiff in a new or comparable assignment following the renewal of the contract. (Am. Compl. ¶¶ 12, 14). Following her

non-assignment, Plaintiff met with Dover's staffing manager to request a new position with DeKalb or another employer with whom Dover had a staffing contract. (Am. Compl. ¶¶ 15, 17). The staffing manager allegedly told Plaintiff that "she was 'too messy and needed to have sat there and kept her mouth closed and then she would have been placed like the others.'" (Am. Compl. ¶ 17). No other Dover employee who obtained a renewed assignment with DeKalb had complained of sexual harassment or received similar talks from Dover management, and Plaintiff alleges that her non-assignment constituted retaliation for filing her sexual harassment complaint. (Am. Compl. ¶¶ 18-20). Plaintiff asserts a Title VII retaliation claim against Dover and DeKalb for refusing to continue or renew Plaintiff's assignment with DeKalb or place her in another comparable assignment following her complaint of sexual harassment. (Am. Compl. ¶¶ 21-26).

B.   Procedural History

On September 17, 2015, Plaintiff, *pro se*, filed her application to proceed *in forma pauperis*. ([1]). The Magistrate Judge granted her application, and, on November 3, 2015, the Complaint was entered on the docket. ([2], [3]). After service forms were sent to Defendants, Dover waived service and, on February 4, 2016, moved to dismiss the initial complaint. ([8], [9]). On

January 13, 2016, DeKalb refused service by the United States Marshal. Service was then attempted on the Chief Assistant County Attorney, but the "receptionist ha[d] instructions to refuse all process service." ([10]). There is no indication that anyone with DeKalb provided instructions to Plaintiff or her process servers on how to effect service.

Following Dover's first motion to dismiss the complaint, Plaintiff obtained counsel and, on March 3, 2016, she filed her Amended Complaint. Plaintiff also sought, and was granted, an extension of time through April 1, 2016, to serve DeKalb. ([16]). On March 10, 2016, electronic summons were issued for DeKalb, ([20]), and, on March 23, 2016, a summons was served on the Clerk of the DeKalb County CEO and the Board of Commissioners, ([21]).

On April 26, 2016, DeKalb filed its answer, noting that it had "not been properly served with process in this case . . . because the individual to whom the Amended Complaint was delivered was not an authorized agent to accept service of process for DeKalb County or an individual on whom service was permitted." ([24]). DeKalb did not indicate how service could be properly made and did not identify any individual on whom service would be permitted. DeKalb did not participate in a Rule 26(f) conference with Plaintiff and Dover, indicating that it had "not properly been served with [the] amended complaint." ([34.1]).

4

On June 17, 2017, Dover moved to dismiss Plaintiff's Amended Complaint, arguing that, (i) as a temporary staffing agency, it was not an employer liable under Title VII, and (ii) there were insufficient allegations to support a cause of action for retaliation under Title VII. ([26]).

On July 25, 2016, a summons was reissued as to DeKalb, identifying DeKalb County's interim CEO as the individual to be served. ([33]). On July 26, 2016, service was made on an administrative assistant to the interim CEO of DeKalb County, after another DeKalb County attorney refused service but indicated the assistant was authorized by law to accept service. ([38]). The same day, DeKalb moved to dismiss the Amended Complaint, arguing that service had not been properly made in the allotted time period. ([35]). DeKalb notes in its Motion to Dismiss that service can only be made upon the CEO or the CEO's assistant.

On December 6, 2016, the Magistrate Judge issued her R&R. The Magistrate Judge first noted that Defendants' Motions to Dismiss were filed after Defendants filed their respective answers, and thus Defendants were required to move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Because there is no substantive difference between motions filed under Rule 12(b)(6) and those filed under Rule 12(c), the Magistrate Judge addressed

Defendants' arguments as though they had been properly raised in a motion for judgment on the pleadings.  With respect to Dover's Motion, the Magistrate Judge found that Plaintiff plausibly alleged that Dover may be held liable under Title VII as a "joint employer" with DeKalb County.  The Magistrate Judge also found that Plaintiff alleged sufficient facts to state a prima facie case of Title VII retaliation.  The Magistrate Judge recommends the Court deny Dover's Motion to Dismiss.

With respect to DeKalb's Motion, the Magistrate Judge found that, while Plaintiff's service of DeKalb was untimely and Plaintiff did not show good cause to excuse the late service, the Court should excuse the late service because (i) DeKalb may have attempted to evade service and (ii) dismissal without prejudice of Plaintiff's claim against DeKalb would simply result in Plaintiff re-filing her action against Dekalb, unnecessarily utilizing more of the Court's resources.  No party filed objections to the R&R.

**II.    DISCUSSION**

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

        1.    Legal Standard and Form of Motion

The Magistrate Judge noted that Defendants' Motions to Dismiss were filed after Defendants filed their respective answers, and thus Defendants were required to move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). "Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed." Brisk v. City of Miami Beach, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989).

Under Subsections (c) and (h)(2)(B) of Rule 12, defendants who have answered a complaint may still challenge a plaintiff's pleadings on the basis that they fail to state a claim upon which relief may be granted. Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss. See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic

7

Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Court is not required to accept a plaintiff's legal conclusions as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA,

9

597 F. App'x 1015, 1017 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002))

Because there is no substantive difference between motions filed under Rule 12(b)(6) and those filed under Rule 12(c), the Magistrate Judge addressed Defendants' arguments as though they had been properly raised in a motion for judgment on the pleadings. The Court finds no plain error in the Magistrate Judge's findings and recommendation. See Slay, 714 F.2d at 1095.

### 2. Dover's Motion

With respect to Dover's Motion, the Magistrate Judge found that Plaintiff plausibly alleged that Dover may be held liable under Title VII as a "joint employer" with DeKalb. It is possible for two or more businesses to be held liable for violations of Title VII under the "joint employer" theory. See Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1359-61 (11th Cir. 1994). To be considered a joint employer, an entity must exercise sufficient control over the terms and conditions of a plaintiff's employment. Id. at 1360. Courts determine whether an entity is a joint employer by analyzing whether, as a matter of practice, the entity has control over: (1) the means and manner of the plaintiff's work performance;

(2) the terms, conditions, or privileges of the plaintiff's employment; and (3) the plaintiff's compensation. Llampallas v. Mini-Circuits, Inc., 163 F.3d 1236, 1245 (11th Cir. 1998). The Magistrate Judge noted that Plaintiff alleges the following facts to plausibly support that Dover was her joint employer along with DeKalb:

- Plaintiff worked for or was contracted in some capacity with Dover, who assigned her to DeKalb County (Am. Compl. ¶ 9);

- Plaintiff's manager, in charge of her job assignments, was an employee of Dover (Am. Compl., ¶ 16);

- Plaintiff's manager at Dover communicated that Plaintiff's complaints regarding sexual harassment resulted in her not being reassigned to DeKalb County or to any comparable position by Dover; implying that it was Dover's decision not to reassign her (Am. Compl. ¶ 17);

- Dover specifically retaliated against Plaintiff for complaining of sexual harrassment by denying her any further placement and/or employment opportunities, suggesting it effectively forced her resignation and/or engagement with another staffing company (Am. Compl. ¶ 21);

- Plaintiff suffered lost wages as a result of Dover's refusal to place her with DeKalb County or in a comparable position, implying that Dover was responsible for Plaintiff's compensation (Am. Compl. ¶ 23).

(R&R at 10-11). The Magistrate Judge determined that Plaintiff alleged sufficient facts to plausibly allege Dover was her joint employer for purposes of Title VII liability. (R&R at 11). The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.

11

The Magistrate Judge next found that Plaintiff alleged sufficient facts to state a prima facie case of Title VII retaliation.  Title VII makes it unlawful for an employer to discriminate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  To make out a prima facie case of retaliation under Title VII, the plaintiff must show that (1) she engaged in protected activity; (2) she suffered an adverse employment action by the employer simultaneously with or subsequent to such opposition or participation; and (3) a causal connection exists between the protected activity and the adverse employment action.  Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).  A complaint in an employment discrimination or retaliation case need not contain specific facts establishing every element of a prima facie case under this framework.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002); Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 974 (11th Cir. 2008).  The complaint must only provide enough factual matter taken as true to suggest intentional discrimination or retaliation.  Davis, 516 F.3d at 511.

The Magistrate Judge found that Plaintiff alleged she engaged in protected activity when she complained of and opposed the sexual harassment of her

supervisor, that she was retaliated against by DeKalb and Dover when she was not reassigned to DeKalb County or anywhere else comparable, and that a causal connection exists based upon the statements of Dover's staffing manager and the close temporal proximity between Plaintiff's complaints and the termination of her work assignments.  (R&R at 13).  The Magistrate Judge recommends that the Court deny Dover's Motion to Dismiss.  The Court finds no plain error in these findings and recommendation, and Dover's Motion to Dismiss is denied.  See Slay, 714 F.2d at 1095.

### 3. DeKalb's Motion

With respect to DeKalb's Motion, the Magistrate Judge recommends the Court excuse Plaintiff's late service of DeKalb.  Rule 4 of the Federal Rules of Civil Procedure, which governs service, provides in relevant part:

> A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed.R.Civ.P. 4(c).  Unless service is waived, the person effecting service must file proof of service with the Court in the form of a server's affidavit.  Fed. R. Civ. P. 4(l).  Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

13

> dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause exists 'only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" LeponeDempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir.1991)). Even if good cause is not shown, a "court may relieve a plaintiff of the consequences of . . . this subsection," when, for example, "a defendant is evading service or conceals a defect in attempted service." Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005). "[W]hen a [] court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the [] court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey, 476 F.3d at 1282.

To serve process on a state-created government entity such as a county, Rule 4(j)(2) requires service on the entity's "chief executive officer," or "in the manner prescribed by the state's law for serving a summons or like process on such defendant." Under Georgia law, O.C.G.A. § 9-11-4(e)(5) provides that personal service against a county shall be made "by delivery . . . to the chairman of

14

the board of commissioners . . . or to an agent authorized by appointment to receive service of process." O.C.G.A. § 9-11-4(e)(5) also states that if service is to be made against "any other public body or organization subject to an action," service should be made "to the chief executive officer or clerk thereof." The parties agree that "DeKalb County has a unique form of government with an elected chief executive officer and no provision for a 'chairman' of the board of commissioners," and its code "provides only for a "presiding officer.'" ([35.1]; [39]). Thus, service may only be made upon DeKalb's chief executive officer pursuant to Rule 4(j)(2)(A), or upon an agent authorized by appointment to receive service of process pursuant to Rule 4(j)(2)(B) and O.C.G.A. § 9-11-4(e)(5).

The Magistrate Judge found that Plaintiff's service of DeKalb was untimely and Plaintiff did not show good cause to excuse the late service, because her initial unsuccessful service attempts were based on a mistake of law rather than some outside, affirmative factor. (R&R at 48). The Magistrate Judge nevertheless recommends that the Court deny DeKalb's Motion to Dismiss and excuse Plaintiff's late service because: (i) DeKalb, well aware of Plaintiff's numerous attempts to serve it, may have attempted to evade service by failing to explain who was an agent authorized to accept service; and (ii) dismissal without prejudice of Plaintiff's claim against DeKalb would simply result in Plaintiff re-filing her action

against DeKalb, unnecessarily utilizing more of the Court's resources. The Court finds no plain error in the Magistrate Judge's findings and recommendation, and DeKalb's Motion to Dismiss is denied. See <u>Slay</u>, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [48] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Dover Staffing's Motion to Dismiss [26] and Defendant DeKalb County's Motion to Dismiss [35] are **DENIED**.

**SO ORDERED** this 4th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE